244 N.J. Super. 369 (1990)
582 A.2d 841
SJOGREN, INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
CATERINA INSURANCE AGENCY, A NEW JERSEY CORPORATION, GENNARD CATERINA, PAUL GANCI, AND ITS OFFICERS, AND GENNARD CATERINA AND CAROLINE CATERINA H/W, DIRK OSTROFF, MARVIN OSTROFF, AND OSTROFF-MERIDIAN ASSOCIATES, DEFENDANTS.
Superior Court of New Jersey, Chancery Division Cumberland County.
Decided July 5, 1990.
*370 Paul J. Ritter, III, for plaintiff (Chance & McCann, attorneys).
Ned P. Rogovoy, for defendants Caterina & Marvin Ostroff (Charles J. Girard P.C., attorney).
Darrell Fineman, for defendants Dirk Ostroff & Ostroff-Meridian (Capizola, Fineman, Kutner & Pagliughi, attorneys).

OPINION
SERATA, J.S.C.
This is a motion for costs and attorneys fees brought pursuant to N.J.S.A. 2A:15-59.1. This action was commenced by plaintiff on November 17, 1989 by the filing of a Verified Complaint and Order To Show Cause.
The complaint was verified by Loriann Sjogren, the Vice President of Sjogren, Inc., the plaintiff in this action.
It is alleged that all of the defendants conspired to conceal the existence of a lease under which defendant Dirk Ostroff occupies a trailer on property purchased by plaintiff from defendant Caterina, and that plaintiff had no knowledge of the existence of the lease until after settlement which occurred in September 1988. It further alleges that the occupation of the property by Mr. Ostroff constitutes a "tenancy by fraud" and that defendants despite plaintiff's demands, have refused to vacate the property. The complaint was filed after the defendant *371 Dirk Ostroff sent notice that he was exercising his option to renew the lease for an additional five years.
Defense counsel was retained after the defendant had been served with an Order to Show Cause and Verified Complaint. After reviewing the allegations of the complaint, discussing this matter with his client and reviewing the documentation which was presented by the clients, attorney for the defendant believed that this matter had been improperly brought by the plaintiff.
Counsel for the defendant contacted the plaintiff's counsel and advised them that their clients had been sent a letter prior to settlement advising them of the existence of the lease agreement and a provision in the agreement allowing for a five year renewal by the tenant.
Both parties agreed to a postponement of the return date of the Order to Show Cause and also an extension of the defendant's time to file an answer to the complaint. These extensions were agreed upon to allow the matter to be investigated more fully.
On December 1, 1989, defense counsel forwarded a letter to the attorneys for the plaintiff. In this letter the defendant's attorney stated that he believed that the plaintiff had full knowledge before settlement of the existence of a trailer on the property and that the allegations of the complaint were false. In support of this position defense counsel sent to the plaintiff's attorney a copy of the letter dated July 7, 1988 from realtor, Judy Stanger, which advised the plaintiff of the existence of the defendant's lease and his option to renew.
The defendant's attorney, based upon the aforementioned information requested that the action be dismissed against his client.
Plaintiff refused to dismiss and discovery continued in this matter. On March 20, 1990 subsequent to the deposition of Glendon Harris (the senior vice president of Sjogren, Inc.), the *372 plaintiff forwarded to the defendant a stipulation of dismissal with prejudice.
Defendant intended to reserve the right to make the application for attorneys fees under N.J.S.A. 2A:15-59.1, and therefore did not sign and return the stipulation of dismissal with prejudice.
The day before defendant's motion was to be heard the plaintiff attempted to withdraw its stipulation of dismissal in the hopes that such action would force the Court to dismiss the defendant's motion.
Since there is a paucity of reported decisions in New Jersey (see Evans v. Prudential Property & Cas. Ins. Co. 233 N.J. Super. 652, 559, 559 A.2d 888 (Law Div. 1989) and Iannone v. McHale, 236 N.J. Super. 227, 565 A.2d 422 (Law Div. 1989) as of this writing and no appellate decisions, it is necessary to examine the decisions under Rule 11 of the Federal Rules of Civil Procedure.

PURPOSE AND RELATIONSHIP OF RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE and N.J.S.A. 2A:15-59.1(a)
N.J.S.A. 2A:15-59.1 reads as follows:
a. A party who prevails in a civil action, either as plaintiff or defendant, against any other party may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous.
b. In order to find that a complaint, counterclaim, cross-claim or defense of the nonprevailing party was frivolous, the judge shall find on the basis of the pleadings, discovery, or the evidence presented that either:
(1) The complaint, counterclaim, cross-claim or defense was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or
(2) The nonprevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.
c. A party seeking an award under this section shall make application to the court which heard the matter. The application shall be supported by an affidavit stating in detail:

*373 (1) The nature of the services rendered, the responsibility assumed, the results obtained, the amount of time spent by the attorney, any particular novelty or difficulty, the time spent and services rendered by secretaries and staff, other factors pertinent in the evaluation of the services rendered, the amount of the allowance applied for, an itemization of the disbursements for which reimbursement is sought, and any other factors relevant in evaluating fees and costs; and
(2) How much has been paid to the attorney and what provision, if any, has been made for the payment of these fees in the future.
N.J.S.A. 2A:15-59.1(a) is patterned after Rule 11 of the Federal Rules of Civil Procedure.
Rule 11 of the Federal Rules of Civil Procedure provides in pertinent part
Rule 11. Signing of Pleadings, Motions and Other Papers; Sanctions
Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances is abolished. The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
The case law on the rule has been recognized by the courts as having two clauses which are to be viewed independently. The first clause is addressed to the issue of "frivolous filing". The second clause is addressed to the problem of filing done for an "improper purpose." See Zaldivar v. City of Los Angeles, 780 F.2d 823, 830-832 (9th Cir.1986). With respect to "frivolous" *374 filings, the Court held that pursuant to Rule 11, "the pleader, at a minimum, must have a good faith argument for his or her view of what the law is, or should be. A good faith belief in the merit of a legal argument is an objective condition which a competent attorney attains only after "reasonable inquiry". Id. at 831.
In Zissu v. Bear, Stearns & Co., 627 F. Supp. 687 (S.D.N.Y. 1986) an investor had brought a securities fraud action against the defendant alleging fraud and material misstatements and admissions in an investment portfolio, in violation of the Securities And Exchange Acts of 1933 and 1934. The Court, after trial, found that the testimony of plaintiff in support of his allegations consisted of "blatant contradictions and unsubstantiated allegations." The court found that the plaintiff's claims of fraud and misstatements boiled down to "mere disappointments with the amount of tax write-offs" that plaintiff had obtained as a result of investing in defendant's venture.
The court in addressing the appropriateness of Rule 11 Sanctions stated as follows:
While the Court recognizes that costs and attorney's fees should not be awarded simply because the defendants prevailed, Zissu's claims were utterly without merit. Indeed, any verdict by the jury other than that recorded on plaintiff's claims would have been so clearly against and contrary to the weight of the evidence that the Court would have been required to set it aside. If there ever has been a case involving frivolous or bad faith claims, it is this one. Plaintiff, a sophisticated investor, purchased units of a highly risky oil and gas venture, Encore, in 1981 in the hopes of obtaining tax advantages. When the venture was less successful in locating oil and gas than had been hoped, plaintiff brought suit alleging that defendant had made material misstatements and material omissions in violation of Section 12 of the 1933 Act and Section 10(b) of the 1934 Act. Upon the entire record, it is an understatement merely to say that this was a strike suit instituted for its nuisance and settlement value. It was a brazen attempt by plaintiff to disregard his contractual obligation. Zissu, supra at 695.
Based upon these findings the court determined that the award of attorneys' fees and costs were appropriate against the plaintiff. The federal courts have also held that the obligations under Rule 11 are of continuing nature. Accordingly, in instances where a party or a party's attorney has discovered *375 evidence or law which suggests that a matter is no longer justifiable, a party is required to act diligently to cease prosecuting the matter. For example in the case of Southern Leasing Partners, Ltd v. McMullan, 801 F.2d 783 (5th Cir.1986), the Circuit Court of Appeals for the Fifth Circuit affirmed the impositions of attorneys' fees and costs against the attorneys for the plaintiff who continued pursuing an action even after new information which made their client's claim baseless came to light. Even more significantly, the court criticized plaintiff's counsel for neglecting what the court termed its continuing obligation to review, re-examine and re-evaluate its clients position as additional facts concerning the prior proceedings came to light after the complaint was filed. The court stated (at 786-787):
When a lawyer learns that an asserted position, even if originally supported by adequate evidence, is no longer justifiable, he must not persist in its prosecution.
Accordingly, the court upheld the imposition of attorneys' fees and costs.
As can be seen from a comparison of Rule 11 with N.J.S.A. 2A:15-59.1(a) the two are very similar. Accordingly, the decisions interpreting the federal rule lends assistance to the Court here. In particular, the standard of objective reasonableness imposed by the federal rule is equally applicable to the State statute.
There is no question here that N.J.S.A. 2A:15-59.1(b) is satisfied in that the plaintiff, Sjogren, Inc., knew or should have known (as borne out by the depositions) that the complaint was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.
The plaintiff's complaint alleges that all of the defendants conspired to conceal the existence of a lease under which defendant, Dirk Ostroff, occupied a trailer on the property purchased by plaintiff from the defendant Caterina. The complaint states that plaintiff had no knowledge of the existence of *376 the lease until after the settlement which occurred in September 1988. It further alleges that the occupation of the property by Mr. Ostroff constitutes a "tenancy by fraud" and that defendant Ostroff despite plaintiff's demands has refused to vacate the premises.
It is evident that contrary to the allegations of the Verified Complaint, plaintiff was aware of the existence of a lease with Dirk Ostroff as far back as July 7, 1988. Therefore, the allegation that the defendants in this action conspired to conceal this information from plaintiff and that Mr. Ostroff's occupancy of the property was by means of a "tenancy by fraud" is insupportable. Mr. Harris not only discussed with Judy Stanger the lease agreement but also physically inspected the property and saw the location of Mr. Ostroff's trailer. Most significant in this matter is the letter of July 7, 1988 to plaintiff from Judy Stanger advising of the existence of the lease agreement and the provision concerning a 5 year renewal. This letter was in Loriann Sjogren's own file. Ms. Sjogren, it will be recalled, stated in her verified complaint that she had no knowledge of the lease agreement.
N.J.S.A. 2A:15-59.1(b) clearly states that a court may find a complaint to be frivolous where the non-prevailing party knew, or should have known, that the complaint ... was without reasonable basis in law or equity ... Without a doubt the plaintiff knew or should have known from the above facts that its complaint was without a reasonable legal or equitable basis.
Additionally, (pursuant to N.J.S.A. 2A:15-59.1(a)) the complaint may be found to have been brought or continued in bad faith solely for the purpose of harassment, delay or malicious injury. The complaint was not filed until after Mr. Ostroff exercised his right to renew the lease for an additional five year period. Realizing that the defendant was to exercise his option plaintiff appears to have filed this complaint in an improper attempt to obtain possession of the property from Mr. Ostroff. Additionally, even after being supplied with another copy of *377 Mrs. Stanger's July 7, 1988 letter plaintiff continued with this matter until Mr. Harris was deposed and the baselessness of the claim fully exposed.
Plaintiff's argument that it filed the suit merely to seek the "protection of the court and the use of discovery" is completely without basis. The only discovery that was undertaken was on the part of defendants in taking the deposition of Glendon Harris. Even more importantly, all of the facts which were learned through the discovery were already known to plaintiff prior to the filing of the suit. At the time that plaintiff decided to dismiss against these defendants, the only consequence of plaintiff's complaint was that all other parties now knew what plaintiff had already known prior to the suit being filed. Thus, the other parties incurred needless expenses and attorneys' fees in defense of the action. These facts clearly show that the plaintiff knew, or should have known, that its complaint was without any reasonable basis in law or equity at the time that it was filed.
The only element in issue is whether in fact the defendant is a prevailing party.
A prevailing party is defined in 20 C.J.S. Costs § 8 p. 269, as the party in whose favor the decision or verdict in the case is or should be rendered and judgment entered and in determining this question the general result should be considered and inquiry made as to who has in the view of the law succeeded in this action.
The plaintiff had previously filed a Stipulation of Dismissal with prejudice. The plaintiff, however, has withdrawn the stipulation and plans to proceed with litigation.
In Evans v. Prudential, supra, 233 N.J. Super. at 658, 559 A.2d 888, the court stated "that one could be characterized as a prevailing party during the progress of the litigation finds substantiation from the fact that in Section a of the statute, the judge is permitted to find that an asserted position is frivolous "at any time during the proceedings."
*378 It may be stated that in light of the purpose of the statute, that of preventing unnecessary costs, preventing clogging of the court system and increasing efficiency, to allow this case to go any further would only be thwarting the legislative intent.
This Court's opinion is bolstered by the finding in Cooter & Gell v. Hartmarx, ___ U.S. ___, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). Writing for the Supreme Court, Justice O'Connor rejected the argument that the plaintiff's voluntary dismissal of the action should bar Rule 11 sanctions:
"Baseless filing puts the machinery of justice in motion, burdening the courts and individuals alike with needless expense and delay. Even if the careless litigant quickly dismisses the action, the harm triggering Rule 11 concerns has already occurred."

Id. at 110 S.Ct. at 2457.
The Court citing Szabo Food Service Inc. v. Canteen Corp., 823 F.2d 1073, 1077 (7 Cir.1987) cert. dism'd, 485 U.S. 901, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988) stated that "the violation of Rule 11 is complete when the paper is filed. If a litigant could purge his violation of Rule 11 merely by taking a dismissal, he would lose all incentive to stop, think and investigate more carefully before serving and filing papers." Cooter & Gell v. Hartmarx, 110 S.Ct. at 2457.
Clearly, the facts of the case are so blatantly in favor of the defendant that to allow the case to proceed would only undermine the intent of N.J.S.A. 2A:15-59.1. The only result of such action would be additional attorney fees to be incurred upon the parties.
Therefore, the defendant's motion is granted. Mr. Fineman will submit an Order conforming to this decision and may supplement his affidavit of services if he deems it necessary.