236 N.J. Super. 227 (1989)
565 A.2d 422
JAMES IANNONE, MICHAEL STAFFORD, JOHN FEDERICO AND TERESA DOWNEY, PLAINTIFFS,
v.
MICHAEL MCHALE, MARGUERITE EMBERGER, STEVE LIBRO, CAPE MAY COUNTY BOARD OF ELECTIONS AND THE SEA ISLE CITY DISTRICT BOARDS OF ELECTIONS, DEFENDANTS.
Superior Court of New Jersey, Law Division, Cape May County.
Decided July 31, 1989.
*228 James Zazzali for plaintiffs (Zazzali, Zazzali, Fagella & Nowak, attorneys; Robert A. Fagella and Tanya E. Pushnack on the brief).
John M. Carbone for defendant Michael McHale (Carbone & Faase, attorneys).
Joel A. Mott III for defendant Marguerite Emberger (Mott, Vernon & Mott attorneys).
*229 David Dembe and Donna Kelly-Boccher for defendants Cape May County Board of Elections and Sea Isle City Board of Elections. (Peter N. Perretti, Jr., Attorney General of New Jersey, attorney).
Steve Libro defendant pro se.
THOMAS, J.S.C.
Two who were defendants in an election contest seek reimbursement for their costs including legal fees. At dispute is their entitlement to legal fees. For reasons to be expressed they will be granted legal fees to be paid by plaintiffs.
Plaintiffs in this action contested the May 9, 1989 Sea Isle City election for commissioners. Suit was commenced June 6, 1989 by way of verified petition pursuant to the authority of N.J.S.A. 19:29-1 et seq. Petitioners (plaintiffs herein) were a successful candidate, two unsuccessful candidates and a voter. Named as defendants were two incumbents (winners), a loser and the Boards of Election of Cape May County and Sea Isle City. Their petition sought not only to overturn the election but, also, the awarding of compensatory and punitive damages. One count seemed to couch its plea for relief and damages under New Jersey's Civil Rights Act.
Chapter 29 of our election law statute (Title 19) is a neatly conceived section designed to quickly and simply resolve disputed election results which are alleged to be tainted by fraud, criminal activity or error. The action must be commenced within 30 days of the election by filing a petition signed by 15 voters or any defeated candidate. If it is alleged persons, ineligible to vote, voted or persons, eligible to vote, were rejected, the names of those persons must be set forth in the petition. The contest shall be heard by a Superior Court judge sitting without a jury between 15 and 30 days after the petition is filed. A copy of the petition must be served on the winners at least ten days before the date set for the hearing. While the court may compel the attendance of witnesses and the production of documents at the hearing there is no statutory provision *230 for discovery. Finally, "If the election be confirmed, or the petition dismissed, or the prosecution fail, judgment shall be rendered against the contestant for costs; and if the judgment be against the incumbent ... he shall pay the costs at the discretion of the court."
Despite the fact there is no statutory provision for discovery, plaintiffs sought, and were granted, the right to take depositions over the vigorous objection of the individual defendants who were represented by counsel. No names of ineligible voters who voted or legal voters who were denied that right were ever supplied in the petition. Plaintiffs' attorney was directed to supply those names. The court understands no such names were ever supplied notwithstanding the grant of discovery. On the return date of the hearing (July 5, 1989) plaintiffs' attorney in conjunction with the Attorney General (representing Cape May County Board of Elections) advised the court that negotiations between plaintiffs and the board during the preceding Fourth of July weekend had resulted in a "settlement" and that the petition was being "withdrawn." A stipulation of settlement drawn up over the weekend and signed by their attorneys was presented to the court. Plaintiffs' attorney advised the court that the primary purpose of his suit had been realized; namely, calling the county election board's attention to their "illegal" practices and getting the board to agree henceforth to abide by the provisions of Title 19.
Now two defendants, one a winner, the other a loser, in the May 9, 1989 election ask this court to award their costs including reasonable attorney's fees. Plaintiffs oppose, contending N.J.S.A. 19:29-14, at best, provides for costs not to include attorney's fees. But, plaintiffs say, defendants are not even entitled to costs since the matter was "settled" therefore defendants did not prevail and are not entitled to anything.
To say these defendants did not prevail is misleading. The petition was withdrawn and the election results remain as confirmed. A "settlement" was reached in which these defendants played no part. The "settlement" itself appears little *231 more than a face-saving device in that it requires the county board of elections to abide by Title 19  something it must do anyway. These defendants were ready to proceed on the hearing date. If a plaintiff-petitioner withdraws his petition-complaint without taking any action against a defendant-respondent that defendant is the prevailing party and I so find here.
This court could find that counsel fees are allowable, pursuant to R. 4:42-9(a)(8), "In all cases where counsel fees are permitted by statute." Relying then on N.J.S.A. 19:29-14 which permits costs to the prevailing party, this court could interpret costs to include counsel fees. See Judge Haneman's decision in In Re Katz' Estate, 40 N.J. Super. 103, 107 (Ch.Div. 1956) ("Counsel fees are deemed analogous to costs and as such, in New Jersey, may be awarded only by virtue of a provision of the rules."). Counsel fees, when allowable, are discretionary with the court. Helton v. Prudential Property & Cas. Ins. Co., 205 N.J. Super. 196, 200 (App.Div. 1985).
However, reliance upon the statute and rule which requires a finding that costs include attorney's fees is not necessary. The pervasive attitude today is to sue anyone and everyone for anything and everything. Once suit is commenced the next stop in this thoughtless process is to commence endless discovery in an effort to get something on someone. This results in clogged courts, enormous costs, untold anguish and emotional upset for those caught in the legal fishnet cast out with nothing more in mind than ensnaring as many litigants as possible. The public, through federal and state fiat, has decreed that this mindless shotgun approach to seeking redress for every conceivably perceived wrong shall stop. In New Jersey the Legislature enacted N.J.S.A. 2A:15-59.1 allowing attorney's fees to the prevailing party in a frivolous law suit which, by definition, includes one brought "without any reasonable basis in law or equity...." I so find here and use this newly enacted law to impose costs and council fees upon plaintiffs.
*232 In this case an improper party (a winner) brought suit against an improper party (loser) whose interest was such she was not even required to receive notice of the proceeding. Not only was she called upon to defend an election which she lost, she had to defend against a demand for compensatory and punitive damages. If the matter had proceeded the first order of business would have been her dismissal. To a slightly lesser degree the winner was unnecessarily called upon to defend the action. At least he was required by statute to receive notice of the hearing. However, he certainly should not have been called upon to defend against a demand for compensatory and punitive damages particularly where such relief is not provided for in the statute under which this action was brought.
The attorney for defendant-Emberger (loser) has submitted an affidavit of services showing 39 hours of work at an hourly rate of $100 and costs of $42.70. Defendant Emberger will be allowed attorney fees of $3,900 plus costs of $42.70. Counsel for defendant-McHale has submitted an affidavit of services showing 88.5 hours plus $2,237.29 for expenses. Most of these expenses were occurred for travel from Bergen County, overnight lodging and meals while staying in Cape May County during three days of depositions plus the cost of the depositions themselves. His 88.5 hours I find to be unnecessarily high, particularly 20 hours for research by this experienced election law attorney. (There just is not that much election law available in New Jersey to research.) I will allow him $4,500 on account of the extra time needed to come from Bergen County plus his expenses of $2,237.29.
Another defendant (winner) appeared pro se and submitted no affidavit for costs. The Sea Isle City Election Board never filed an appearance.
Mr. Mott should submit an order under the five-day rule in accordance with this opinion.