244 N.J. Super. 379 (1990)
582 A.2d 847
SANFORD E. CHERNIN, PLAINTIFF,
v.
MARDAN CORPORATION, A NEW JERSEY CORPORATION; RARITAN VALLEY NATIONAL BANK, A BANKING CORPORATION OF THE UNITED STATES OF AMERICA; FEIN CONTAINER CORPORATION, A NEW JERSEY CORPORATION; LEND LEASE, A DIVISION OF NATIONAL CAR RENTAL SYSTEMS, INC., A CORPORATION OF NEVADA; THE HOWARD SAVINGS BANK, A NEW JERSEY CORPORATION; ROGER SMITH; CONTINENTAL FINANCIAL CORPORATION; STEPHEN PAINO, D/B/A PAINO ROOFING COMPANY; THE BLAU & BERG COMPANY, A NEW JERSEY CORPORATION; AND NEWARK INS. COMPANY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division Middlesex County.
Decided August 28, 1990.
*380 Sanford E. Chernin, pro se.
Richard D. Shapiro, for defendant, Lend Lease (Hellring, Lindeman, Goldstein, Siegal, Stern & Greenberg, Attorneys).
BACHMAN, J.S.C.
Plaintiff, Sanford E. Chernin, Esquire, pro se (hereinafter "Chernin"), seeks to foreclose on a tax sale certificate he purchased on December 21, 1987 concerning Lot 2 in Block 472 in the Borough of South Plainfield. Chernin is an attorney representing himself in this matter. Chernin filed the foreclosure complaint on January 19, 1990. Upon discovery of other potentially interested parties, Chernin filed an amended complaint on February 20, 1990 and a second amended complaint on March 14, 1990.
The amended complaint named as a defendant Lend Lease, a Division of National Car Rental Systems, Inc., a corporation of Nevada (hereinafter "Lend Lease"). The amended complaint alleged Lend Lease to own a portion or interest in the premises *381 subject to the tax sale certificate foreclosure. A deed from defendant Mardan Corporation to Lend Lease dated August 5, 1982 properly recorded in the County Clerk's office allegedly established Lend Lease's interest. Chernin erroneously believed that Lend Lease's property, Lot 2.01 in Block 472, was included within the metes and bounds description of the subject property, Lot 2 in Block 472. Chernin mistakenly relied on a pre-subdivision description of the property in ascertaining this information. As a consequence of a 1982 subdivision, Lot 2 and lot 2.01 in Block 472 became distinct parcels of property.
Upon being served with the amended complaint, Lend Lease contacted Chernin as early as April 23, 1990 indicating the descriptive error and requesting a dismissal of the suit against Lend Lease. Further, Lend Lease supplied Chernin with documents illustrating an accurate description of the property as well as proof of its full, current tax payments. To protect its interests, Lend Lease filed an answer on April 24, 1990.
Although possessing this information, Chernin failed to effectively act until at least June 27, 1990. In response to repeated attempts by Lend Lease's counsel to address these discrepancies, Chernin stated in a letter dated June 14, 1990 that "[I]t is a simple matter of not having time to review and compare metes and bounds descriptions...." Chernin declared further that he would not address these issues until his return from vacation on June 27, 1990.
Subsequently, Chernin moved for leave to file a third amended complaint correcting the metes and bounds description to accurately reflect the property subject to this foreclosure action and delete Lend Lease as a party "improperly joined in the litigation." Lend Lease cross moved for dismissal with prejudice and for reasonable litigation expenses and attorney fees under the frivolous lawsuit statute, N.J.S.A. 2A:15-59.1 (1988) (hereinafter "frivolous claims statute").
*382 The action against Lend Lease is dismissed with prejudice. The remainder of this opinion addresses Lend Lease's claim for costs and fees under the frivolous claims statute.
Unless authorized by court rule, statute, or contract the recovery of legal fees and litigation costs will generally be denied. Satellite Gateway Communications, Inc. v. Musi Dining Car Co., Inc., 110 N.J. 280, 540 A.2d 1267 (1988). Even when authorized, the awarding of fees and costs remains within a court's discretion. Helton v. Prudential Property & Cas. Ins. Co., 205 N.J. Super. 196, 200, 500 A.2d 717 (App.Div. 1985); Iannone v. McHale, 236 N.J. Super. 227, 231, 565 A.2d 422 (Law Div. 1989).
Recognizing this power, the Legislature recently enacted the frivolous claims statute empowering courts to award fees and costs to prevailing parties forced to address "frivolous" pleadings. N.J.S.A. 2A:15-59.1. In pertinent part, the statute provides:
a. A party who prevails in a civil action, either as plaintiff, or defendant, against any other party may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous.
b. In order to find that a complaint, counterclaim, cross-claim or defense of the nonprevailing party was frivolous, the judge shall find on the basis of the pleadings, discovery, or the evidence presented that either:
(1) the Complaint, counterclaim, cross-claim or defense was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or
(2) The nonprevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law....
The design of the statute is to discourage the advancement of frivolous positions through the imposition of attorney's fees upon the nonprevailing party. Evans v. Prudential Property & Cas. Ins. Co., 233 N.J. Super. 652, 657-659, 559 A.2d 888 (Law Div. 1989). The statute should "deter and ultimately eliminate the filing of nonmeritorous claims and defenses." Somerset Trust Co. v. Sternberg, 238 N.J. Super. 279, 285, 569 *383 A.2d 849 (Ch.Div. 1989). To prevail under this enactment, the moving party must demonstrate that the nonprevailing party advanced some position; that position must have been posited through pleadings, evidence or discovery; and, the position was frivolous. Evans, 233 N.J. Super. at 659, 559 A.2d 888.
The prevailing party need not necessarily be the "winner" of a lawsuit. In interpreting the meaning of a "party who prevails" under the frivolous claims statute, it has been held that the facts of a case could demonstrate a prevailing party even where a "settlement" resolved the litigation. Iannone v. McHale, 236 N.J. Super. 227, 230-231, 565 A.2d 422 (Law Div. 1989). In Iannone, plaintiffs challenged the propriety of an election contest. Recognizing that their position lacked merit, the plaintiffs offered to settle wherein they withdrew their complaint without pursuing further action. Id. at 231, 565 A.2d 422. The court held this settlement to constitute a "face-saving device" for plaintiffs illustrating defendants to be the prevailing parties. Id. Defendants could thus avail themselves of the frivolous claims statute in seeking relief.
This court recognizes that Chernin has availed himself of these same face-saving techniques. Chernin moved to amend his complaint to "delete" Lend Lease as a defendant after he became convinced that no cause of action could properly be asserted. There existed no dispute regarding facts essential to disposition of these motions. The parties agreed that the action against Lend Lease must be dismissed. Hence, despite any classification by Chernin of the type of relief granted, Lend Lease remains the prevailing party within the intendment of the frivolous claims statute. See, Iannone, supra at 231, 565 A.2d 422. Thus, Lend Lease has established its right to proceed under the frivolous claims statute to seek its expenses and fees. N.J.S.A. 2A:15-59.1(a).
However, it must still be established that Chernin's action was frivolous under one of the two prongs enunciated in N.J.S.A. 2A:15-59.1(b). Lend Lease has posited arguments *384 under both prongs of this test. Regarding the bad faith prong, N.J.S.A. 2A:15-59.1(b)(1), Lend Lease claims that Chernin's conduct caused unjustifiable delay and harassed Lend Lease. These actions allegedly demonstrate that Chernin continued to advance this cause in bad faith. This Court recognizes that Chernin, while representing himself, is an attorney. As an officer of this court he possesses a duty to promptly and efficiently address litigation matters under his control. R.P.C. 3.2. Chernin's letter of June 14, 1990 establishes that he failed to address this simple issue for approximately two months. It can be argued that the delay constituted a violation of R.P.C. 3.2, but it cannot be said to constitute "bad faith, solely for the purpose of harassment, delay or malicious injury." N.J.S.A. 2A:15-59.1(b)(1). This language requires something more than negligence.
Under the second prong of this statute, Lend Lease asserts that Chernin knew or should have known that the cause of action "was without any reasonable basis in law or equity ..." thereby justifying the imposition of costs on Chernin. This statutory language places nonprevailing parties on notice that they will be held to both a subjective and objective standard regarding their level of knowledge. The phrase "should have known" imposes a duty of reasonable investigation prior to commencing suit. The Legislature apparently burdened representatives of litigants with this duty to determine whether the revealed facts constitute a reasonable claim in law or equity.
In the recent case of Iannone v. McHale, supra, the court recognized this purpose of this subsection. The court held that it would apply this prong of the statute to plaintiffs engaging in a "shotgun approach" to litigation. Id. at 231, 565 A.2d 422. Plaintiffs must be deterred from the "pervasive attitude ... to sue anyone and everyone for anything and everything" in the hope of finding evidence of liability through discovery. Id. Such suits are frivolous with no reasonable basis in law or equity.
*385 Chernin, similar with the plaintiff in Iannone has sued "anyone and everyone" potentially possessing some interest in the property subject to foreclosure. However, the court cannot find that he engaged in any shotgun tactics. Chernin believed that each named defendant retained an ownership interest in the property or held some lien against the property. Thus, each defendant constituted a necessary party to the litigation under the "facts" as perceived by Chernin.
On oral argument, Chernin disclosed that in drafting the pleadings he relied on erroneous information contained in a report from a title company. These research efforts formed the reasonable legal bases for Chernin's claim. To claim that Chernin "should have known" he improperly named Lend Lease as a party would extend application of the frivolous claims statute beyond its spirit and intent. The Court recognizes the Legislature's intent to exclude good faith but mistaken actions from within the second prong of N.J.S.A. 2A:15-59.1(b)(2).
Lend Lease's motion for expenses and fees is denied.