594 A.2d 1356

IN THE MATTER OF LUIS A. QUINTANA CANDIDATE
FOR COUNCILMAN–AT–LARGE OF THE CITY OF
NEWARK, ET ALS.

Superior Court of New Jersey
Law Division Essex County

Decided March 6, 1991.

*Felix Lopez Montalvo* and *William E. Agrait* for petitioner Luis A. Quintana.

*Norman Schulaner* for respondent Essex County Clerk (Francis P. McQuade, Essex County Counsel, attorney).

*David Dembe* for respondents Essex County Board of Elections and the Essex County Superintendent of Elections (*Robert J. Del Tufo*, Attorney General of New Jersey, attorney).

*Michael Critchley* for respondent Marie Villani.

*Cindy Nan Vogelman*, special master (*Chasan, Leyner, Tarrant & Lamparello*, attorneys).,

HUMPHREYS, A.J.S.C.

The issue presented here is who is liable for the fees and expenses of a special master appointed by the court in an election case. The parties have been afforded an opportunity to be heard. After due consideration, the court holds that the unsuccessful challengers are liable.

### I.

The facts can be summarized as follows: This election challenge was initiated by Luis A. Quintana, an unsuccessful candidate for councilman in the Newark City election of June 12, 1990, and a number of Newark registered voters.

The parties consented to the appointment of a special master. This court then ordered, and the Chief Justice subsequently approved, the appointment of Special Master Cindy Nan Vogelman to report on factual issues and make recommendations as to legal issues. The order provided that the compensation and

expenses of the special master would be assessed against such party or parties as the court later determined.

The special master conducted numerous hearings and subsequently filed a report concluding that the election result should stand. The challengers accepted the master's report. The court in an oral opinion rendered October 31, 1990 upheld the master's conclusion. The court found serious election irregularities, but concluded that the challengers had failed to establish the criteria necessary to set aside the election result.

## II.

Liability for costs in election contests is determined by statute.

> The contestant and incumbent shall be liable to the officers and witnesses for the costs made by them, respectively. If the election be confirmed, or the petition dismissed, or the prosecution fail, judgement shall be rendered against the contestant for costs ... [*N.J.S.A.* 19:29–14]

The proposition that unsuccessful election challengers are liable for costs has long been upheld in New Jersey. *Iannone v. McHale,* 236 *N.J.Super.* 227, 231, 565 *A.*2d 422 (Law Div.1989); *In re Keough–Dwyer,* 106 *N.J.Super.* 567, 576, 256 *A.*2d 314 (Law Div.1969); *Darling v. Murphy,* 71 *N.J.L.* 524, 59 *A.* 225 (Sup.Ct.1904).

The issue of whether a master's fee in an election contest is considered a "cost" under *N.J.S.A.* 19:29–14 has not been addressed by a New Jersey court. However, in interpreting a similar statute, a Pennsylvania court held that the fee of a court-appointed examiner (master) in an election contest is considered a "cost" of the action. *Woodring v. Northampton County,* 29 *Pa.D.* 475, 48 *Pa.C.* 559 (1919).

The usual approach to costs in New Jersey is set forth in *U.S. Pipe, etc. v. United Steelworkers of America,* 37 *N.J.* 343, 181 *A.*2d 353 (1962):

> Speaking first as to costs generally (apart from counsel fees), the amounts allowable in both trial and appellate courts are prescribed by statute, either expressly therein or as may be provided by court rule. *N.J.S.A.* 22A:2–2, 3, 5,

8, 9 and 10; *R.R.* 1:9–2 and 2:9–2. Such costs comprise principally certain statutory allowances, amount paid the clerk in fees, and various other specified disbursements of counsel including sheriff's fees, witness fees, deposition expenses and printing costs. Allowance is controlled by court rule and is ordinarily discretionary with the court in the particular case. See *N.J.S.A.* 2A:15–59 ... In the trial divisions costs are to be allowed as of course to any prevailing party "unless the court otherwise directs" "except when express provision therefore is made either in a statute or in these rules ... *R.R.* 4:55–6(a). [*Id.* at 355–356, 181 *A.*2d 353]

*N.J.S.A.* 22A:2–8 expressly provides that the legal fees of masters are costs.

A party to whom costs are awarded or allowed by law or otherwise in any action, motion or other proceeding, in the Law Division or Chancery Division of the Superior Court is entitled to include in his bill of costs his necessary disbursements, as follows: The legal fees of ... masters....

Since the election results in this matter were affirmed, the costs of the challenge including the fees of the special master are to be paid by the challengers as required by *N.J.S.A.* 19:29–14 and 22A:2–8. The court in *In re Keough–Dwyer* held that the statutory requirements are mandatory even though the challenge was made in good faith and the election law unclear. *In re Keough–Dwyer, supra,* 106 *N.J.Super.* at 576, 256 *A.*2d 314.

The election officials appear to have acted in good faith. Any negligence on their part does not rise to a level which would warrant holding them legally responsible for the special master's fees.

No challenge has been made to the amount sought by the special master. Her fee is amply supported by the record. The court has signed an order, a copy of which is enclosed.