NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5372-14T2

SYCAMORE ENERGY-
ROCKAWAY RETAIL,
L.L.C.,

 Plaintiffs-Appellants/
 Cross-Respondents,

v.

A.J.'S FUEL, INC., DENNIS
PETERSON AND ANNA BARTON,

 Defendants-Respondents/
 Cross-Appellants.
_______________________________________________

 Argued September 20, 2016 – Decided February 22, 2017

 Before Judges Messano, Espinosa and Guadagno.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Equity Part, Morris
 County, Docket No. C-15-14.

 Judith D. Cassel argued the cause for
 appellants/cross-respondents (Hawke, McKeon &
 Sniscak, L.L.P., attorneys; Ms. Cassel, on the
 briefs).

 Peter Petrou argued the cause for
 respondents/cross-appellants A.J.'s Fuel,
 Inc. and Dennis Peterson.

 Gregg D. Trautmann argued the cause for
 respondent/cross-appellant Anna Barton
 (Trautmann & Associates, L.L.C., attorneys;
 Mr. Trautmann, on the brief).

PER CURIAM

 Plaintiff Sycamore Energy–Rockaway Retail, Inc., filed a

verified complaint against defendants A.J.'s Fuel, Inc. (A.J.'s),

Dennis Peterson, and his sister, Anna Barton. Plaintiff alleged

it purchased certain assets from Oil Guy, Inc. (Oil Guy), a heating

oil supply business, pursuant to an asset purchase agreement (the

agreement) executed by Barton, individually and as "owner" of Oil

Guy. Pursuant to the agreement, Barton warranted that no other

"individual or entity" had "rights, title or interests" in the

purchased assets. The agreement also contained non-compete and

non-disclosure provisions regarding the assets, including Oil

Guy's customer list and accounts.

 The complaint further alleged that subsequent to the

purchase, Peterson claimed an ownership interest in Oil Guy and

formed a competitor corporation, A.J.'s, that was using Oil Guy's

customer list to interfere with plaintiff's business in violation

of the agreement. Plaintiff's complaint alleged defendants

breached the agreement, committed fraud and converted plaintiff's

property, and Peterson had defamed plaintiff and tortiously

interfered with its economic interests.

 The judge initially entered an order to show cause with

temporary restraints, but vacated the injunctive relief shortly
 2 A-5372-14T2
thereafter. On April 9, 2014, he ordered plaintiff to pay Barton

all amounts due under the agreement which had been previously

withheld (the pendente lite order). Defendants filed answers and

discovery ensued.

 When Barton moved to compel plaintiff's answers to

interrogatories, plaintiff cross-moved to compel Barton, over

objection, to produce further documentary discovery, including Oil

Guy's tax returns, profit and expense statements and employee

payroll records, and to amend its complaint to add Oil Guy as a

party. Barton withdrew her discovery motion and, the judge denied

plaintiff's request.

 In his written statement of reasons in support of the

September 4, 2014 order denying the amendment (the amendment

order), the judge concluded plaintiff's cross-motion was

procedurally deficient because it did not relate to the subject

of Barton's motion. See R. 1:6-3(b) ("A cross-motion may be filed

and served by the responding party . . . only if it relates to the

subject matter of the original motion . . . ."). As to the merits

of plaintiff's cross-motion, the judge concluded plaintiff

"offer[ed] no defense as to why Oil Guy . . . should be a party."

 Prior to her or Peterson's deposition, Barton moved for

summary judgment. After considering oral argument, the judge

entered an order (the October 2014 order), granting Barton summary

 3 A-5372-14T2
judgment as to the fraud and conversion counts, but denying the

motion as to plaintiff's breach of contract claim. In January

2015, the judge granted summary judgment to Peterson and A.J.'s

(the January 2015 order). In his written statement of reasons,

the judge found plaintiff failed to prove any breach of contract

because Peterson had no ownership interest in Oil Guy and was not

a party to the agreement. He also determined plaintiff lacked

sufficient evidence to withstand judgment as a matter of law on

the remaining counts.

 With trial now scheduled for March 31, 2015, Barton moved to

bar plaintiff's expert from testifying, arguing his report

contained only net opinions, and she sought to strike the complaint

for alleged discovery violations. Plaintiff, meanwhile, served

subpoenas on Oil Guy and Peterson. Both moved to quash.

 In a series of orders entered on March 10, 2015 (the March

2015 orders), the judge quashed the subpoena served on Oil Guy and

denied Barton's motion to "strike" the complaint. He denied

Peterson's motion to quash, but limited his testimony to "the only

remaining issue. Did . . . Barton breach her contract . . . [?]"

The judge noted on the order that his prior "decision that Peterson

is/was not an owner of Oil Guy is the law of the case." Although

he denied the motion to bar plaintiff's expert at trial, the

judge's order barred any testimony as to plaintiff's damages.

 4 A-5372-14T2
 In his oral opinion placed on the record after completion of

the subsequent bench trial, the judge found Barton had not breached

the agreement. He entered final judgment of no cause of action

in favor of Barton on April 13, 2015, and within days, both Barton

and Peterson moved for counsel fees and costs pursuant to Rule

1:4-8 and the frivolous litigation statute, N.J.S.A. 2A:15-

59.1(a). The judge denied Barton's request but entered an order

awarding Peterson counsel fees and costs in the amount of $13,190

(the fee order).

 Before us, plaintiff contends the judge erred by: ordering

pendente lite payments to Barton; denying plaintiff's motion to

amend the complaint; granting partial summary judgment on the

fraud and conversion claims against Barton; quashing the trial

subpoena served on Oil Guy; barring its expert's testimony on

damages; barring other evidence at trial; and entering judgment

in favor of Barton. As to Peterson, plaintiff argues the judge

erred by: determining prior to the close of discovery that Peterson

was not an owner of Oil Guy and applying the "law of the case"

doctrine to that finding; granting Peterson summary judgment; and

awarding sanctions.1

1
 Hereinafter, we shall refer to both Peterson and A.J.'s simply
as "Peterson."

 5 A-5372-14T2
 In addition to their opposition, defendants have filed cross-

appeals. Barton argues the judge should have granted her request

for fees and costs as sanctions for plaintiff's frivolous claims.

Peterson contends the award the judge made was insufficient.

 We have considered these arguments in light of the record and

applicable legal standards. On plaintiff's appeal, we affirm in

part and reverse in part. We find no merit whatsoever to

defendants' cross-appeals and deny both.2

 I.

 A.

 We first consider the issues related to Peterson. In opposing

plaintiff's order to show cause, Peterson certified that

plaintiff's corporate representative for purposes of this

litigation, Louis Aponte, was his direct supervisor when both

worked for North Jersey Oil prior to the formation of Oil Guy in

2009. Aponte was aware Peterson claimed ownership of Oil Guy.

Because of his financial circumstances at the time, Peterson needed

Barton's assistance in starting Oil Guy. Peterson claimed Oil Guy

2
 Symptomatic of the litigiousness of the parties, after all briefs
were filed, plaintiff moved to strike portions of defendants'
reply briefs, contending they included further argument in
opposition to plaintiff's appeal and not in reply to plaintiff's
opposition to the cross-appeal. Barton opposed the motion, and
Peterson filed his own motion, seeking to strike portions of
plaintiff's initial and reply briefs and appendices for including
items not in the trial record. The motion panel reserved decision,
leaving disposition to us. We now deny the motions.
 6 A-5372-14T2
operated out of his home and to the world "Oil Guy was Dennis

Peterson." However, Aponte knew Barton was Peterson's silent

partner in the business.

 Peterson stated that when he returned home from vacation in

August 2013, he discovered Barton and Aponte had already executed

the agreement. When plaintiff sought to reclaim one of the oil

trucks at Peterson's home, he objected, requiring police to

respond. Although the truck was turned over, Peterson directed

his attorney to send a letter to Barton and Aponte claiming they

had "misappropriate[d]" his interests in Oil Guy. The letter is

part of the record. In his later-filed answer to plaintiff's

complaint, however, Peterson asserted no counterclaim against

plaintiff or cross-claim against Barton.

 The balance of Peterson's certification described the

formation of A.J.'s with his wife after learning of Barton's sale

of Oil Guy's assets, and he denied accessing Oil Guy's customer

lists. Peterson claimed that he solicited customers for A.J.'s

from personal knowledge and without misrepresentation. Since he

was not party to the agreement, none of its terms applied to him.

 Peterson's statement of undisputed material facts in support

of summary judgment for the first time took several steps back

from earlier statements regarding ownership of Oil Guy. It

acknowledged Barton was the sole shareholder of Oil Guy, and

 7 A-5372-14T2
Peterson only received wages for his work at the company. Peterson

also relied upon portions of Aponte's deposition testimony, in

which Aponte admitted Peterson had no knowledge of the impending

sale, was not involved in the negotiations and Aponte's dealings

were solely with Barton. Additionally, Aponte stated he had no

facts to support plaintiff's claim that Peterson accessed customer

information after the sale of Oil Guy, or even had a copy of the

customer list. Barton's deposition, filed in support of

plaintiff's opposition to Peterson's summary judgment motion, made

it quite clear that she alone owned Oil Guy and Peterson was only

"a driver."

 We have not been provided with a transcript of oral argument

held on Peterson's summary judgment motion. However, the judge

provided a written statement of reasons supporting the January

2015 order. As to plaintiff's breach of contract claim, the judge

reasoned the undisputed material facts demonstrated Peterson was

neither a party to the agreement nor aware of its existence prior

to its execution. The judge dismissed the fraud count, concluding

plaintiff's only allegation was that Barton misrepresented

Peterson's claim of ownership, but plaintiff made no specific

claim that Peterson made any material misrepresentations.

 In dismissing the conversion claim against Peterson, the

judge found plaintiff's sole evidence was Peterson's access to

 8 A-5372-14T2
customer lists and information before the agreement was

consummated. The judge noted plaintiff was well aware of

Peterson's involvement in the pre-sale activities of Oil Guy when

it entered into the agreement with Barton.

 The judge observed that plaintiff's defamation claim rested

on a flyer Peterson circulated after forming A.J.'s, in which he

told prospective customers that A.J.'s would provide "the same

great prices and service as . . . when [Peterson] operated and ran

Oil Guy . . . ." The judge reasoned there was nothing false about

Peterson's statement, and therefore plaintiff's defamation claim

must fail. Lastly, the judge reviewed Peterson's statements

regarding soliciting business for A.J.'s, and reasoned, since

Peterson was not a signatory to the agreement, he was not bound

by its restrictive covenant. He granted summary judgment on the

tortious interference claim.

 Plaintiff contends the judge erred in granting Peterson

summary judgment because discovery was not complete and material

facts remained in dispute. Plaintiff also argues the judge

erroneously concluded Peterson was not an owner of Oil Guy, despite

the presence of material disputed facts, and then applied the "law

of the case" doctrine to this finding. Both arguments are

unavailing.

 9 A-5372-14T2
 When reviewing the grant of summary judgment, we apply the

"same standard as the motion judge." Globe Motor Co. v. Igdalev,

225 N.J. 469, 479 (2016) (quoting Bhagat v. Bhagat, 217 N.J. 22,

38 (2014)).

 That standard mandates that summary judgment
 be granted "if the pleadings, depositions,
 answers to interrogatories and admissions on
 file, together with the affidavits, if any,
 show that there is no genuine issue as to any
 material fact challenged and that the moving
 party is entitled to a judgment or order as a
 matter of law."

 [Templo Fuente De Vida Corp. v. Nat'l Union
 Fire Ins. Co., 224 N.J. 189, 199 (2016)
 (quoting R. 4:46-2(c)).]

"When no issue of fact exists, and only a question of law remains,

[we] afford[] no special deference to the legal determinations of

the trial court." Ibid. (citing Manalapan Realty, L.P. v. Twp.

Comm. of Manalapan, 140 N.J. 366, 378 (1995)). "[A] respondent

to a summary judgment motion, who resists the motion on the grounds

of incomplete discovery is obliged to specify the discovery that

is still required." Alpert, Goldberg, Butler, Norton & Weiss,

P.C. v. Quinn, 410 N.J. Super. 510, 538 (App. Div. 2009) (citing

Trinity Church v. Lawson-Bell, 394 N.J. Super. 159, 166 (App. Div.

2007), certif. denied, 203 N.J. 93 (2010).

 Plaintiff never deposed Peterson, despite repeated attempts

and cancellations resulting from the inability of all counsel to

clear schedules. Except for Peterson's own claims of ownership
 10 A-5372-14T2
interest, from which he later retreated, and Aponte's knowledge

of Peterson's role in Oil Guy's daily operations, plaintiff

presented no evidence that Peterson actually possessed an

ownership interest in the company. There was no evidence to

dispute Barton's claims of sole ownership, and, implicitly, Aponte

believed her execution of the agreement alone sealed the deal.

Based on the summary judgment record presented to the judge, see

Ji v. Palmer, 333 N.J. Super. 451, 463-64 (App. Div. 2000) (our

review is limited to the motion record before the judge), there

were no disputed facts.

 The judge first expressed his opinion on the subject of

Peterson's ownership interests in Oil Guy during oral arguments

on Barton's summary judgment motion. Barton had supplied the

corporate documents for Oil Guy that clearly demonstrated Peterson

had no ownership interest. We do not, however, review oral

decisions but only orders entered by the court. See, e.g., Do-

Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001) ("[I]t is

well-settled that appeals are taken from orders and judgments and

not from opinions, oral decisions, informal written decisions, or

reasons given for the ultimate conclusion."). Therefore,

plaintiff's citation to the judge's musings during oral argument

on Barton's motion, when Peterson's attorney was not even present,

are irrelevant.

 11 A-5372-14T2
 When the judge entered the March 2015 order limiting

Peterson's trial testimony to the contract claim, his rationale

was that the issue of Peterson's ownership of Oil Guy was already

decided and the law of the case doctrine applied. We agree with

plaintiff that the judge's citation to the doctrine was inapposite.

See Lombardi v. Masso, 207 N.J. 517, 539 (2011) (holding the

doctrine does not apply "where, . . . in trial court proceedings,

the same judge is reconsidering his own interlocutory ruling").

However, plaintiff points to no facts that resurrect a material

dispute on the issue of Peterson's ownership of Oil Guy.

 We also reject plaintiff's argument that the judge

erroneously granted summary judgment on its claims for fraud,

conversion, defamation and tortious interference. Simply put,

plaintiff's opposition to the motion lacked any competent evidence

that raised material factual disputes. See R. 4:46-5(a) ("When a

motion for summary judgment is made . . . , an adverse party may

not rest upon the mere allegations or denials of the pleading, but

must respond by affidavits meeting the requirements of R. 1:6-6

. . . , setting forth specific facts showing that there is a

genuine issue for trial.") Plaintiff's response to Peterson's

statement of undisputed material facts was deficient, see Rule

4:46-2(b), and broadly asserted discovery was incomplete.

 12 A-5372-14T2
 We affirm the October 2014 order granting summary judgment

to Peterson largely for the reasons expressed by the judge.

 B.

 After Barton's trial, Peterson moved for an award of $39,390

in counsel fees and costs. The motion record reveals that

Peterson's attorney served a Rule 1:4-8 (the Rule) letter on

plaintiff's counsel shortly after the judge entered the pendente

lite order and denied plaintiff's request for injunctive relief.

Plaintiff's counsel immediately responded, claiming the letter

failed to comply with the Rule because it lacked specificity and

provided "no basis" for the request to withdraw the complaint.

Plaintiff's counsel also stated: "Your own client claims ownership

rights [in Oil Guy] and provided certifications demonstrating that

he is a de facto principal, owner, officer, and/or director, which

will bind him to the terms of the [agreement]." Defense counsel

answered by serving a copy of Peterson's brief in support of his

pre-pleading motion to dismiss, which the judge had denied.

 In his written statement of reasons supporting the fee order,

without addressing whether Peterson complied with the Rule, the

judge concluded an award was appropriate "only as to the summary

judgment motion . . . [not] for the entire pendency of the action."

The judge found "Peterson initiated a lot of the litigation with

his initial letter to [p]laintiff that he owned [Oil Guy]." The

 13 A-5372-14T2
judge also found that "given what [p]laintiff knew at th[e] time

th[e] [c]omplaint was filed, there was a potential cause of action

against . . . Peterson" for all counts in the complaint.

 However, the judge reasoned "there came a time . . . when

[p]laintiff knew or should have known that it had no viable claim

against [Peterson]." Reciting many of the reasons why he granted

summary judgment, the judge concluded when "information was

revealed to [p]laintiff through discovery, its [c]omplaint . . .

should have been withdrawn." Nonetheless, the judge stated he was

rejecting Peterson's request to impose sanctions under the Rule

because "Peterson ha[d] not demonstrated that [p]laintiff, nor

[p]laintiff's counsel should be sanctioned." Without specifying

whether he was granting the relief as to plaintiff, its counsel

or both, the judge awarded Peterson $13,190 as "sanctions."

 "In reviewing the award of sanctions pursuant to [the] Rule

. . . , we apply an abuse of discretion standard." United Hearts,

L.L.C. v. Zahabian, 407 N.J. Super. 379, 390 (App. Div.) (citing

Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)),

certif. denied, 200 N.J. 367 (2009). The Rule "channeled the

process by which applicants could initiate sanction applications"

based on the "frivolous behavior" of litigants or counsel. Toll

Bros., Inc. v. Twp. of W. Windsor, 190 N.J. 61, 71 (2007).

 14 A-5372-14T2
 Frivolous litigation sanctions may be imposed under the

statute against a party "if the judge finds at any time during the

proceedings . . . that a complaint . . . of the nonprevailing

person was frivolous." N.J.S.A. 2A:15-59.1(a)(1). To be

"frivolous," the pleading must be "commenced, used or continued

in bad faith, solely for the purpose of harassment, delay or

malicious injury[,]" or with knowledge that it "was without any

reasonable basis in law or equity and could not be supported by a

good faith argument for an extension, modification or reversal of

existing law." N.J.S.A. 2A:15-59.1(b)(1) and (2). "The term

'frivolous' as used in the statute must be given a restrictive

interpretation." Belfer v. Merling, 322 N.J. Super. 124, 144

(App. Div.) (citing McKeown-Brand v. Trump Castle Hotel & Casino,

132 N.J. 546, 561 (1993)), certif. denied, 162 N.J. 196 (1999).

"[F]alse allegations of fact [will] not justify [an] award . . .

unless they are made in bad faith, 'for the purpose of harassment,

delay or malicious injury.'" McKeown-Brand, supra, 132 N.J. at

561 (quoting N.J.S.A. 2A:15-59.1b(1)). The burden of proving bad

faith is on the party who seeks the fees and costs. Id. at 559.

 We have held "[c]ontinued prosecution of a claim or defense

may, based on facts coming to be known to the party after the

filing of the initial pleading, be sanctionable as baseless or

frivolous even if the initial assertion of the claim or defense

 15 A-5372-14T2
was not." United Hearts, supra, 407 N.J. Super. at 390 (quoting

Iannone v. McHale, 245 N.J. Super. 17, 31 (App. Div. 1990)). "The

'requisite bad faith or knowledge of lack of well-groundedness may

arise during the conduct of the litigation.'" Ibid. (citing

Chernin v Mardan, Corp., 244 N.J. Super. 379 (Ch. Div. 1990)).

However, "a pleading will not be considered frivolous for purposes

of imposing sanctions under [the Rule] unless the pleading as a

whole is frivolous." Id. at 394.

 In this case, the judge specifically found plaintiff was

justified in filing suit against Peterson based, in part, upon

Peterson's own assertions of an ownership interest in Oil Guy.

Indeed, the record reflects that Peterson's counsel fostered this

belief, through correspondence sent to Barton and plaintiff before

suit was even filed. The judge also found that plaintiff had a

reasonable basis to include every count in the complaint, and he

never found plaintiff pursued the claims in bad faith.

 Rather, the judge determined plaintiff's lawsuit became

frivolous after discovery and before summary judgment. However,

the judge's written statement of reasons in support of the summary

judgment order never suggested plaintiff's claims were "without

[any reasonable] basis in law or equity . . . .'" In re Estate

of Ehrlich, 427 N.J. Super. 64, 77 (App. Div. 2012) (quoting

Buccinna v. Micheletti, 311 N.J. Super. 557, 562-63 (App. Div.),

 16 A-5372-14T2
certif. denied, 213 N.J. 46 (2013)). Indeed, in deciding the fee

application, the judge specifically stated Peterson failed to

demonstrate plaintiff or its counsel "should be sanctioned."

 Under these circumstances, the award of fees to Peterson was

a mistaken exercise of discretion. We reverse the fee order and

vacate the award. This same reasoning compels the dismissal of

Peterson's cross-appeal.

 II.

 A.

 Turning to claims of pre-trial errors as to Barton, we agree

with the judge that plaintiff's cross-motion to amend the complaint

was not germane to the discovery motion Barton had filed. R. 1:6-

3(b). From the record before us, it is difficult to discern what

the judge meant when he also stated as to the cross-motion's

merits, "plaintiff offers no defense as to why Oil Guy . . . should

be a party."3

 In any event, plaintiff never filed a motion thereafter to

amend the complaint. Perhaps plaintiff believed the judge's

decision on the "merits" foreclosed the opportunity. Had such a

motion to amend actually been made, "Rule 4:9-1 requires that

3
 Apparently there was no oral argument and Barton's opposition is
not in the record. The certification plaintiff's counsel filed
in support of the cross-motion stated Barton refused to produce
any Oil Guy documents because "the document requests should be
directed to Oil Guy."
 17 A-5372-14T2
[such] motions . . . be granted liberally . . . in the court's

sound discretion." Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490,

501 (2006) (quoting Kernan v. One Wash. Park Urban Renewal Assocs.,

154 N.J. 437, 456-57 (1998)). "That exercise of discretion

requires a two-step process: whether the non-moving party will be

prejudiced, and whether granting the amendment would nonetheless

be futile." Ibid.

 Because Oil Guy was a signatory to the agreement and plaintiff

only purchased certain assets of Oil Guy but not its stock, there

were sufficient reasons for plaintiff's request. However, the

judge was fully familiar with letters plaintiff sent to Oil Guy

customers on Oil Guy stationary immediately after the agreement

closed. Those letters stated Oil Guy was now being managed by

plaintiff, and the agreement itself permitted plaintiff to use the

name "Oil Guy" for four years. It is difficult to conceive,

therefore, how plaintiff intended to manage Oil Guy, use its name

and sue it at the same time. Most importantly, it is undisputed

that after consummation of the agreement, Oil Guy never functioned

as a business. Therefore, plaintiff can point to no real prejudice

that resulted from the amendment order. We therefore affirm the

order.

 Plaintiff argues it was error to grant partial summary

judgment to Barton on the fraud and conversion counts. It contends

 18 A-5372-14T2
discovery was incomplete and "material facts remained in dispute."

We disagree.

 Barton's motion was supported by compelling, undisputed

evidence that she was the sole owner of Oil Guy. Plaintiff's

opposition argued the case was not ripe for summary judgment

because Barton had not yet been deposed. However, plaintiff's

responding statement of material facts made clear that its claims

against Barton for fraud and conversion were really assertions

against Peterson — his alleged improper use of Oil Guys' customer

list and name — coupled with Barton's failure to advise plaintiff

of Peterson's ownership interests. The judge's oral decision

correctly analyzed the inherent inadequacy of plaintiff's position

— Peterson had no ownership interest and plaintiff alleged no

other misrepresentation or misappropriation of corporate assets

by Barton herself. The judge properly granted partial summary

judgment, and we affirm the October 2014 order.

 B.

 Moving to the issues raised regarding events immediately

before and during trial, we consider plaintiff's objections to the

March 2015 orders. We are somewhat hampered because the record

does not include the motions and supporting documents filed by

Barton or plaintiff. We only have the judge's written statement

of reasons.

 19 A-5372-14T2
 Plaintiff argues it was error to quash the subpoena served

on Oil Guy seeking corporate documents and bank records. Barton

opposed the request, claiming it sought the finances of a "non-

party," which is, of course, ironic, since Barton earlier opposed

the motion to amend the complaint to add Oil Guy as a defendant.

However, the judge reasoned that plaintiff only sought the

information to prove Peterson was an owner of Oil Guy, an issue

already decided to the contrary.

 Pursuant to Rule 1:9-2, a subpoena duces tecum served on a

non-party may be quashed in the judge's discretion if "compliance

would be unreasonable or oppressive . . . ." We assume plaintiff's

subpoena issued under this rule because plaintiff cites the Rule

in its brief. However, as Rule 1:9-2 itself makes clear,

"subpoenas for pretrial production shall comply with the

requirements of [Rule] 4:14-7(c)." And, "it is Rule 4:14-7(c) and

not [Rule] 1:9-2 which applies to discovery production in civil

cases." Pressler & Verniero, Current N.J. Court Rules, comment 1

on R. 1:9-2 (2017).

 In any event, plaintiff fails to demonstrate the requested

documents would have likely led to relevant evidence at trial. R.

4:10-2(a). In its appellate brief, plaintiff asserts the

"documents . . . would have . . . provided insight into the

financial relationship between [Peterson] and [Barton] . . . ."

 20 A-5372-14T2
Since Peterson was already out of the case, and the sole remaining

issue was whether Barton breached the agreement, we agree with the

judge that it was unlikely the subpoenaed documents would have led

to relevant evidence. To the extent the judge erred by quashing

the subpoena, the error was harmless.

 Barton sought to bar plaintiff's experts from testifying at

trial. The judge reviewed the reports of two experts, John Levey

and Joseph Vassallo. The appellate record only contains the report

of Vassallo, who testified at trial. Plaintiff argues Vassallo's

report was anchored in certain facts, including the loss of 75%

of Oil Guy customers after plaintiff consummated the agreement

with Barton, and the sale of 74% less fuel oil. Vassallo stated

it was his "strong belief . . . the confidentiality of the customer

list has been breached."

 The judge cited the extreme variation between the two reports

on the quantification of damages, and noted Vassallo's "strong

belief" was "not sufficient." The judge also reasoned Vassallo

premised his estimate of damages upon speculation, including an

assumed per customer usage figure that was unexplained.

 Plaintiff argues the judge should have permitted Vassallo to

testify as to damages. We disagree. The report was a classic net

opinion. See, e.g., Townsend v. Pierre, 221 N.J. 36, 55 (2015).

More importantly, to the extent it was error to prohibit Vassallo

 21 A-5372-14T2
from testifying about damages, the error was harmless. The

critical page of Vassallo's report was admitted as evidence at

trial, and he was permitted to testify about the loss of customers

and the suspected compromise of Oil Guy's customer list.

Additionally, the judge never reached the issue of damages because

he found, as we explain below, that Barton had not breached the

agreement.

 Plaintiff challenges a series of evidentiary rulings made by

the judge at trial barring proposed witnesses and the limitation

he placed upon the scope of testimony from witnesses who actually

testified. "Evidentiary decisions are reviewed under the abuse

of discretion standard because, from its genesis, the decision to

admit or exclude evidence is one firmly entrusted to the trial

court's discretion." Estate of Hanges v. Metro. Prop. & Cas. Ins.

Co., 202 N.J. 369, 383-84 (2010). Errors in admitting or barring

certain evidence will only compel reversal if they were "clearly

capable of producing an unjust result." R. 2:10-2; Green v. N.J.

Mfrs. Ins. Co., 160 N.J. 480, 502 (1999). Our review of the entire

trial record convinces us that the judge did not mistakenly

exercise his discretion. Moreover, the complained-of evidence

rulings did not singly or collectively bring about an unjust

result.

 22 A-5372-14T2
 Finally, plaintiff contends it proved each element of its

breach of contract claim against Barton. Plaintiff fails to

identify with any specificity what legal error was committed by

the judge, except to say the evidence permitted a judgment in its

favor.

 Plaintiff asserted at trial that Barton breached the

agreement by either conveying the customer list to Peterson or

else not taking appropriate steps to insure the confidentiality

of the list. In rendering his oral decision, the judge correctly

noted that after the closing, Barton had no control over Peterson's

actions, and the evidence simply did not support a finding that

Barton breached any of her representations or obligations under

the agreement.

 Our standard of review is limited.

 Final determinations made by the trial court
 sitting in a non-jury case are subject to a
 limited and well-established scope of review:
 "we do not disturb the factual findings and
 legal conclusions of the trial judge unless
 we are convinced that they are so manifestly
 unsupported by or inconsistent with the
 competent, relevant and reasonably credible
 evidence as to offend the interests of
 justice[.]"

 [Seidman v. Clifton Sav. Bank, S.L.A., 205
 N.J. 150, 169 (2011) (quoting In re Trust
 Created By Agreement Dated December 20, 1961,
 ex. rel. Johnson, 194 N.J. 276, 284 (2008)
 (internal quotation omitted)).]

 23 A-5372-14T2
There is no basis to disturb the judge's conclusions. We affirm

the final judgment entered in favor of Barton.

 As a result of our decision, plaintiff's challenge to the

pendente lite order is moot. Further, as already noted, we deny

Barton's cross-appeal which lacks sufficient merit to warrant

discussion. R. 2:11-3(e)(1)(E).

 We affirm all orders under review, except for the June 22,

2015 order granting Peterson counsel fees. We reverse and vacate

that order. The cross-appeals are dismissed.

 24 A-5372-14T2