**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4629-15T2

DENNIS ACKERMAN, AS ADMINISTRATOR
AD PROSEQUENDUM AND GENERAL
ADMINISTRATOR OF THE ESTATE OF
KATELYN ACKERMAN,

    Plaintiff-Respondent,

v.

GENERAL MOTORS, LLC, CHEVROLET,
GEARHART CHEVROLET and EAGLE
AUTOBODY,

    Defendants,

and

COLLISION RESTORATION
INC. (Improperly pleaded as Autobody
by Collision Restoration),

    Defendant-Appellant.

_____

Submitted October 24, 2017 — Decided November 6, 2017

Before Judges Fasciale and Moynihan.

On appeal from Superior Court of New Jersey,
Law Division, Morris County, Docket No. L-2898-14.

Gold, Albanese & Barletti, LLC, attorneys for
appellant (Robert Francis Gold, of counsel and

on the briefs; Kevin M. Eppinger, on the brief).

Rothenberg, Rubenstein, Berliner & Shinrod, LLC, attorneys for respondent (Craig M. Rothenberg, on the brief).

PER CURIAM

Defendant Collision Restoration (Collision) appeals from a March 29, 2016 order granting plaintiff's cross-motion to dismiss the complaint with prejudice pursuant to Rule 4:37-1(b); a March 31, 2016 order denying its motion for summary judgment as moot; and a May 13, 2016 order denying its motion for attorney's fees. We affirm.

Plaintiff commenced litigation against General Motors, Chevrolet, Gearhart Chevrolet, Eagle Autobody, and Collision (collectively defendants). In August 2015, plaintiff settled the case with General Motors and then filed a stipulation of dismissal with prejudice, which all parties executed except Collision. Collision's failure to sign the stipulation required plaintiff to file the Rule 4:37-1(b) motion seeking dismissal of the complaint against Collision. Thereafter, the judge entered the orders under review.

On appeal, Collision argues the judge erred by denying its request for attorney's fees pursuant to Rule 1:4-8 and its related request for damages pursuant to the frivolous litigation statute,

N.J.S.A. 2A:15-59.1(a)(1); and by failing to set appropriate terms and conditions upon granting the dismissal of the complaint with prejudice.

We conclude that Collision's arguments are "without sufficient merit to warrant discussion in a written opinion." R. 2:11-3(e)(1)(E). We add the following remarks.

We review a trial judge's determination of whether to grant attorney's fees for an abuse of discretion. McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 498 (App. Div. 2011). Such an "abuse of discretion is demonstrated if the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment." Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005). There is no abuse here.

"Rule 4:37-1(b), requiring court review prior to granting dismissal, 'was adopted to protect defendants from the duplication of litigation costs.'" Burns v. Hoboken Rent Leveling & Stabilization Bd., 429 N.J. Super. 435, 445 (App. Div. 2013) (quoting Shulas v. Estabrook, 385 N.J. Super. 91, 97 (App. Div. 2006)). When a plaintiff seeks dismissal with prejudice, the concern of duplicative future litigation costs is eliminated. Id. at 447. Here, the dismissal of the complaint with prejudice

against Collision, at plaintiff's own request, eliminated the concern for duplicative future litigation costs.

The frivolous litigation statute, N.J.S.A. 2A:15-59.1, provides:

> A party who prevails in a civil action, either as plaintiff or defendant, against any other party may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous.
>
> [N.J.S.A. 2A:15-59.1(a)(1).]

To find a complaint frivolous, the judge shall conclude:

> (1) The complaint . . . was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or
>
> (2) The nonprevailing party knew, or should have known, that the complaint . . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.
>
> [N.J.S.A. 2A:15-59.1(b).]

There is no credible evidence in this record demonstrating that plaintiff filed the complaint in bad faith without any reasonable basis.

Rule 1:4-8 requires the attorney signing a pleading to certify that "the claims, defenses, and other legal contentions therein

4

are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." R. 1:4-8(a)(2). An action is considered frivolous "when no rational argument can be advanced in its support, when it is not supported by any credible evidence, when a reasonable person could not have expected its success, or when it is completely untenable." Belfer v. Merling, 322 N.J. Super. 124, 144 (App. Div.), certif. denied, 162 N.J. 196 (1999). A motion for sanctions under Rule 1:4-8 will be denied where the pleading attorney had a reasonable and good faith belief in the merits of the claim. Wyche v. Unsatisfied Claim & Judgment Fund of N.J., 383 N.J. Super. 554, 561 (App. Div. 2006). Such is the case here.

Plaintiff filed the complaint against Collision alleging that Collision's work on plaintiff's vehicle contributed to a fatal accident. Plaintiff reasonably maintained that Collision contributed to the accident. We do not interpret the early settlement reached with General Motors and subsequent stipulation of dismissal against the remaining defendants to amount to an admission that plaintiff's complaint against Collision was somehow unfounded. Certainly, the settlement prevented full discovery on the issue of the cause of the accident.

A-4629-15T2

Collision's contention that the judge erred in finding it not to be a prevailing party, a requirement for relief under N.J.S.A. 2A:15-59.1(a)(1), is also without merit. Although "facts of a case could demonstrate a prevailing party even where a 'settlement' resolved the litigation," here, the judge did not find any credible evidence that the settlement equated to Collision being a prevailing party. Chernin v. Mardan Corp., 244 N.J. Super. 379, 383 (Ch. Div. 1990); see also First Atl. Fed. Credit Union v. Perez, 391 N.J. Super. 419, 432 (App. Div. 2007) (stating "if the matter settles, one party may be deemed to have 'prevailed' for the purposes of [N.J.S.A. 2A:15-59.1]"). The record reflects that plaintiff decided to dismiss the complaint after it settled with General Motors, presumably for an amount that fairly and adequately compensated plaintiff, not because it filed a baseless complaint against Collision. The judge therefore did not abuse his discretion when he denied Collision damages or fees pursuant to N.J.S.A. 2A:15-59.1 and Rule 1:4-8.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4629-15T2