269 N.J. Super. 315 (1993)
635 A.2d 547
MICHAEL FALZARANO, INDIVIDUALLY AND AS GENERAL PARTNER IN JOURNEY'S END, A PARTNERSHIP OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, AND JOURNEY'S END, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
THEODORE J. LEO, LEO, JOHNSON & PASQUELETTO, ATTORNEYS AT LAW; SUZANNE B. SHERMAN, CITRINO, BALSAM, DIBIASI & DAUNNO, THE ESTATE OF L. WILLIAM BALSAM AND THOMAS S. DIBIASI, INDIVIDUALLY AND T/A CITRINO, BALSAM, DIBIASI & DAUNNO, DEFENDANTS, AND THEODORE W. DAUNNO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 19, 1993.
Decided December 23, 1993.
*316 Before Judges MICHELS, SKILLMAN and KESTIN.
Schechner & Decker, attorneys for appellant Michael Falzarano, individually and as general partner in Journey's End, a partnership of the State of New Jersey (Thomas J. Decker, of counsel and on the brief).
Theodore W. Daunno, respondent, pro se.
The opinion of the court was delivered by MICHELS, P.J.A.D.
Plaintiff Michael Falzarano, individually and as the general partner in Journey's End, appeals from an order of the Law Division awarding defendant Theodore W. Daunno counsel fees of $5,000 pursuant to N.J.S.A. 2A:15-59.1, the so-called "frivolous litigation statute."
Plaintiff instituted this action to recover damages sustained as a result of the alleged legal malpractice of defendants in connection with the sale of his restaurant, particularly their failure to timely *317 record the collateral security documents issued in connection therewith. Plaintiff charged defendant Theodore J. Leo, Esq. and his law firm, defendant Leo, Johnson & Pasqueletto, who represented him in the sale, with legal malpractice by failing to obtain and timely record collateral security documents, consisting of mortgages and Uniform Commercial Code security agreements and financing statements. Plaintiff also charged Leo with malpractice for entrusting the recording of the security documents to defendant Suzanne B. Sherman, Esq., an associate in and an employee of defendant Citrino, Balsam, DiBiasi & Daunno (The Citrino firm), who represented the buyer of the restaurant. Plaintiff joined as defendants the individual partners, including Mr. Daunno, and the estate of a deceased partner of the Citrino law firm, contending that they were liable under a theory of vicarious liability for Ms. Sherman's alleged failure to timely record plaintiff's security documents after agreeing to do so.
After issue was joined, Mr. Daunno moved for summary judgment on the ground that he was not a partner in the Citrino law firm and that since he was only a co-employee of Ms. Sherman, he was not vicariously liable for her alleged malpractice. The Citrino law firm opposed the motion, arguing that Mr. Daunno was in fact a partner in the firm and could be held vicariously liable for Ms. Sherman's conduct. The trial court reserved decision on the motion and proceeded with the trial. On the second day of trial, the claim was settled. According to plaintiff, the terms and conditions of the settlement were set forth in a release that included a confidentiality clause, precluding disclosure of its terms and conditions. However, it appears that no payment was made by or on behalf of Mr. Daunno individually even though his law firm, through its professional liability carrier, contributed to the settlement.
Following settlement, Mr. Daunno applied for counsel fees against plaintiff pursuant to N.J.S.A. 2A:15-59.1. Mr. Daunno claimed that the action against him was frivolous and sought to recover $5,000, which was the amount of a deductible that he was required to pay his professional liability carrier for the counsel *318 fees it incurred in representing him in this matter. During argument on the motion, the trial court informed the parties that it had initially declined to rule on Mr. Daunno's summary judgment motion, but later it denied the motion. The trial court also informed the parties that it could not find a copy of the order and that it was not even certain whether the order had been sent to counsel. Notwithstanding the trial court's denial of the summary judgment, and without making a specific finding that plaintiff's action against Mr. Daunno was frivolous, the trial court awarded Mr. Daunno counsel fees of $5,000 pursuant to N.J.S.A. 2A:15-59.1. This appeal followed.
Plaintiff seeks a reversal of the order, contending generally that the trial court erred in awarding any counsel fees because Mr. Daunno, as a named partner in the Citrino law firm, was vicariously liable for the alleged legal malpractice of Ms. Sherman. He argues, therefore, that the action against Mr. Daunno was not frivolous within the meaning and intendment of the statute. We agree and reverse.
N.J.S.A. 2A:15-59.1, which was enacted in 1988 by L. 1988, c. 46, § 1, provides:
a. A party who prevails in a civil action, either as plaintiff or defendant, against any other party may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous.
b. In order to find that a complaint, counterclaim, cross-claim or defense of the nonprevailing party was frivolous, the judge shall find on the basis of the pleadings, discovery, or the evidence presented that either:
(1) The complaint, counterclaim, cross-claim or defense was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or
(2) The nonprevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.
c. A party seeking an award under this section shall make application to the court which heard the matter. The application shall be supported by an affidavit stating in detail:
(1) The nature of the services rendered, the responsibility assumed, the results obtained, the amount of time spent by the attorney, any particular novelty or *319 difficulty, the time spent and services rendered by secretaries and staff, other factors pertinent in the evaluation of the services rendered, the amount of the allowance applied for, an itemization of the disbursements for which reimbursement is sought, and any other factors relevant in evaluating fees and costs; and (2) How much has been paid to the attorney and what provision, if any, has been made for the payment of these fees in the future.
The stated legislative purpose in enacting this statute was to deter frivolous litigation. Iannone v. McHale, 245 N.J. Super. 17, 25, 583 A.2d 770 (App.Div. 1990). See also Fagas v. Scott, 251 N.J. Super. 169, 181-83, 597 A.2d 571 (Law Div. 1991); Chernin v. Mardan Corp., 244 N.J. Super. 379, 382, 582 A.2d 847 (Ch.Div. 1990); Evans v. Prudential, 233 N.J. Super. 652, 657-68, 559 A.2d 888 (Law Div. 1989). As the statement attached to the Assembly Bill explains:
The purpose of this bill is to allow a party who prevails in a civil suit to recover reasonable attorney fees and litigation costs from the nonprevailing person if the judge finds that the legal position of the nonprevailing person was not justified and was commenced in bad faith solely for the purpose of delay or malicious injury, or that the nonprevailing party knew or should have known that the action was without any reasonable basis in law or equity.
In general, the statute allows an award of attorneys fees to a prevailing party in a law suit if the non-prevailing party asserts a claim or defense "in bad faith, solely for the purpose of harassment, delay or malicious injury," N.J.S.A. 2A:15-59.1b(1), or if "[t]he non-prevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law," N.J.S.A. 2A:15-59.1b(2). See McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 548-49, 626 A.2d 425 (1993).
We are convinced from our review of the record in light of the clear and unambiguous language of the statute and the legislative purpose underlying it, that the trial court erred in awarding counsel fees to Mr. Daunno. Measured by any objective standard, plaintiff's legal malpractice action against Mr. Daunno was not frivolous and did not as a matter of law warrant the imposition of the attorney-fee sanction. There can be no serious dispute that *320 plaintiff had a viable cause of action against the Citrino law firm by reason of Ms. Sherman's failure to record plaintiff's security documents in a timely fashion. Indeed, the Citrino firm through its liability insurance carrier contributed to the settlement. Since Mr. Daunno was ostensibly a named partner in the Citrino firm, he could be held individually liable for the legal malpractice of the partnership and its associate and employee, Ms. Sherman.
It is fundamental that every member of a partnership is jointly and severally liable for torts committed by other members of the partnership acting within the scope of the firm business, even though they do not participate in, or ratify, or have knowledge of such negligence or legal malpractice. Malanga v. Manufacturers Cas. Ins. Co., 28 N.J. 220, 227, 146 A.2d 105 (1958); See also N.J.S.A. 42:1-15. Such liability is one of the risks of business that is assumed by the partnership and its members. Malanga v. Manufacturers Cas. Ins. Co., supra, 28 N.J. at 227, 146 A.2d 105.68 C.J.S. Partnership § 183, at 638 (1950), explains the basic principle of the liability of partners for the acts of their agents as follows:
The firm as well as each member thereof is answerable for the acts of agents or servants of the partnership, provided the acts are done in the course of the actors' employment as partnership agents or servants, regardless of the fact that the servant or agent was engaged by only one partner and was controlled by him exclusively....
As a rule, the liability of partners for the tort of an agent or servant is joint and several, and it had been held that the partnership and the members thereof are bound jointly by such a tort and that each partner is liable for the payment of the debt.
Although Mr. Daunno claimed during the litigation that he was not a partner in the Citrino law firm, the Citrino law firm argued to the contrary in opposing his summary judgment motion. The Citrino law firm claimed that Mr. Daunno was, in fact, a partner in the firm. Moreover, the trial court advised the parties at the hearing on counsel fees that it had denied Mr. Daunno's prior motion for summary judgment because Mr. Daunno was "a principal in the firm at that time" and was "a proper party."
Furthermore, although Mr. Daunno may not have actually been a partner in the Citrino law firm, he held himself out to the public *321 as a partner, and, thus, he could have been held liable for any partnership liability as though he were an actual member of the partnership under settled principles of estoppel. N.J.S.A. 42:1-16 of the Uniform Partnership Law provides:
1. When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to any one, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made.
a. When a partnership liability results, he is liable as though he were an actual member of the partnership.
b. When no partnership liability results, he is liable jointly with the other persons, if any, so consenting to the contract or representation as to incur liability, otherwise separately.
2. When a person has been thus represented to be a partner in an existing partnership, or with one or more persons not actual partners, he is an agent of the persons consenting to such representation to bind them to the same extent and in the same manner as though he were a partner in fact, with respect to persons who rely upon the representation. Where all the members of the existing partnership consent to the representation, a partnership act or obligation results; but in all other cases it is the joint act or obligation of the person acting and the persons consenting to the representation.
See also Farris v. Farris Engineering Corp., 7 N.J. 487, 502, 81 A.2d 731 (1951); West Side Trust Co. v. Gascoigne, 39 N.J. Super. 467, 473, 121 A.2d 441 (App.Div. 1956); Reisen Lumber & Millwork Co. v. Simonelli, et al., 98 N.J. Super. 335, 340-41, 237 A.2d 303 (Law Div. 1967).
Moreover, entirely apart from the creation of a partnership by estoppel under N.J.S.A. 42:1-16, Mr. Daunno appeared as a named partner in the Citrino firm name, and, thus, under the Rules of Professional Conduct, he shared in the responsibility and liability for the firm's performance of legal services. R.P.C. 7.5, in pertinent part, expressly provides:
(c) A firm name shall not contain the name of any person not actively associated with the firm as an attorney, other than that of a person or persons who have ceased to be associated with the firm through death or retirement.
(d) Lawyers may state or imply that they practice in a partnership only if the persons designated in the firm name and the principal members of the firm share in the responsibility and liability for the firm's performance of legal services.
*322 We are satisfied that on this record Mr. Daunno has not shown that plaintiff's action against him under a theory of vicarious liability for the alleged legal malpractice of one of the Citrino law firm's associates and employees was commenced, used or continued in bad faith solely for the purpose of harassment, delay or malicious injury, or was instituted or continued without any reasonable basis in law or equity. Consequently, it cannot fairly be concluded on this record that plaintiff's action was frivolous within the meaning of N.J.S.A. 2A:15-59.1, justifying any award of counsel fees to Mr. Daunno.
Accordingly, the order under review is reversed.