NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-4014-17T4

ESTATE OF RENEE M.
BARBUTO,

      Plaintiff-Appellant,

v.

BOYD & BOYD, also known
as BOYD & BOYD, PC, and
WILLIAM L. BOYD, ESQUIRE,

      Defendants,

and

BARBARA J. BOYD, ESQUIRE,

      Defendant-Respondent.

_____

**APPROVED FOR PUBLICATION**

**February 27, 2020**

**APPELLATE DIVISION**

Submitted December 16, 2019 – Decided February 27, 2020

Before Judges Messano, Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0171-16.

Indik, McNamara & Dallarda, PC, attorneys for appellant (Martin K. Indik and Carl J. Dallarda, on the briefs).

Maselli Warren, PC, attorneys for respondent (Shawn D. Edwards, of counsel and on the brief).

The opinion of the court was delivered by

VERNOIA, J.A.D.

After presentation of the evidence, the trial court granted defendant Barbara Boyd's motion for a directed verdict. The court dismissed the claim of plaintiff, the Estate of Renee Barbuto, that defendant is liable for a judgment rendered on a malpractice cause of action against a law firm, Boyd & Boyd, and attorney William L. Boyd.[1] Based on our review of the record, we find the court correctly determined the evidence did not permit a rational juror to conclude plaintiff is liable for the judgment, and affirm.

I.

Plaintiff's complaint alleged a common law legal malpractice cause of action and a claim under N.J.S.A. 2A:13-4 against defendants.[2] See N.J.S.A. 2A:13-4 (stating an attorney "shall be liable for all damages sustained by [a] client" resulting from the attorney's "neglect or mismanage[ment] [of] any cause in which [the attorney] is employed"). More particularly, the complaint averred that "[i]n or around September 2010," the decedent, Renee Barbuto

---

[1]  For purposes of clarity, we refer to Barbara Boyd as "defendant"; her husband William as "W. Boyd"; and the two of them and the law firm collectively as "defendants."

[2]  We refer to plaintiff's amended complaint, which was the operable complaint at trial.

A-4014-17T4

(Barbuto), retained defendants to represent her in an Internal Revenue Service matter, and they "committed malpractice in the course of representing" her. Plaintiff further alleged defendant and W. Boyd were partners in Boyd & Boyd, and they were therefore "jointly and severally liable for debts incurred as a result of [the] actionable conduct of either partner . . . pursuant to N.J.S.A. 42:1A-17 and N.J.S.A. 42:1A-18(a)."[3] A responsive pleading to the complaint was not timely filed, and the court entered a default judgment for $127,277.05 against defendants.

W. Boyd filed a motion on defendants' behalf to vacate the default judgment and for leave to file an answer to the complaint out of time. Plaintiff opposed the motion, and defendants retained new counsel to represent them. The parties subsequently entered into a consent order vacating the default judgment against defendant and allowing her to file an answer. The default judgment against W. Boyd and Boyd & Boyd was not vacated. Defendant subsequently filed an answer denying she was a partner in Boyd & Boyd and

---

[3] The complaint also alleged defendant and W. Boyd sometimes practiced law under the firm name, Boyd & Boyd, PC, but they were not entitled to the statutory protections for shareholders of a professional corporation under the New Jersey Professional Services Corporation Act, N.J.S.A. 14A:17-1 to -18, because the firm did not satisfy the statutory requirements for a professional corporation. We do not address the allegation because defendant does not claim she is entitled to the protections of the Act, and the court's decision granting defendant's motion for a directed verdict is not based on application of the Act.

disclaiming liability for the amount due under the malpractice default judgment against W. Boyd and Boyd & Boyd.

After discovery and defendant's unsuccessful summary judgment motion, the matter proceeded to trial on the issue of whether defendant was liable, as a partner in Boyd & Boyd, for the malpractice default judgment. At trial, plaintiff conceded it lacked evidence establishing defendant was an actual partner in Boyd & Boyd when the malpractice occurred. Instead, plaintiff asserted defendant was liable as a partner by estoppel under N.J.S.A. 42:1A-20 and as otherwise provided under Rule of Professional Conduct (RPC) 7.5(d).

The evidence at trial established defendant and W. Boyd are married. Defendant graduated from law school in 1986 and worked for a law firm as an associate until approximately 1991 or 1992. She left the law firm after her second child was born to care for her children. After a short period, she joined W. Boyd's firm, "William L. Boyd, Attorney at Law." She thereafter worked part-time at the firm, three days each week. She never worked full-time at the firm.[4]

---

[4] Defendant testified she worked full-time only during her participation in a jury trial that she handled with W. Boyd.

During her employment at the firm, its name changed to Boyd & Boyd, and later to Boyd & Boyd, PC.[5] Defendant explained the purpose of the name change was to take advantage of the good will she generated from her work at her previous employer. She testified that, although she was associated with the firm after its name changed to Boyd & Boyd, PC, "it was always a professional corporation."

Defendant and W. Boyd did not have a partnership agreement and never intended to be in a partnership. Defendant did not receive any stock certificates, did not share in the firm's profits, and was not involved in the firm's management.

Defendant said she left the firm at "the end of the 90's to early 2000's" to start an event planning business. She removed her business cards and took her diplomas off the firm's walls, and her full name was removed from the firm letterhead. She had no intention of ever practicing law again, and she never again met with any of the firm's clients or performed legal services on the firm's behalf. Defendant stopped taking the continuing legal education courses required to maintain her New Jersey law license, which lapsed in 2004. The

---

[5] It appears the professional corporation, Boyd & Boyd, PC, was formed in 1997. Defendant testified that after she joined W. Boyd's firm, but prior to the formation of the professional corporation, the name of the firm "probably" had been Boyd & Boyd.

A-4014-17T4

New Jersey Lawyer's Fund for Client Protection's records showed defendant claimed a "retired exemption for 2004 through . . . July 29, 2016."[6] During the period of defendant's retirement from the practice of law, she "did not practice law in any capacity[,] anywhere."

Defendant was aware that, following her departure from the firm and retirement from the practice of law, the firm's name continued to include both her and her husband's last names.[7] She understood it was appropriate that her last name remain included in the firm's name because she retired from the firm and the practice of law.

Defendant never met or spoke with the decedent, Barbuto, and never performed any legal services on her behalf. W. Boyd provided legal services to the decedent from 2010 through September 2015. In providing those services, W. Boyd variously referred to the firm as "Boyd & Boyd" and "Boyd & Boyd, P.C." The evidence shows Boyd & Boyd, PC's status as a professional corporation was revoked by the State in 2005.

Following the parties' presentation of evidence, plaintiff moved, and defendant cross-moved, for judgment under Rule 4:40-1. The court denied the

---

[6] Defendant's license to practice law in New Jersey was reinstated in 2017.

[7] Defendant testified during her deposition that she was unaware whether Boyd continued to practice law under the name "Boyd & Boyd" or "Boyd & Boyd, P.C."

motions, finding "there are issues of fact that . . . need to be decided by the jury."

During the subsequent charge conference, the court determined N.J.S.A. 42:1A-20, which defines the standard for a purported partner's liability, governed plaintiff's claim that defendant was liable for the malpractice judgment against W. Boyd and the law firm. Defendant moved for reconsideration of the court's denial of her motion for judgment under Rule 4:40-1, arguing plaintiff failed to present any evidence establishing an essential element of liability under the statute — that Barbuto relied on a representation defendant was a partner in Boyd & Boyd in retaining the firm to provide the services that gave rise to the malpractice judgment. Plaintiff acknowledged Barbuto's death rendered it unable to establish she relied on any representation defendant was a partner. The court granted defendant's motion for reconsideration and entered a judgment of dismissal in her favor on plaintiff's claim under N.J.S.A. 42:1A-20.

Plaintiff conceded it did not present any "proofs of . . . [an] actual [p]artnership" between defendant and W. Boyd, but argued it presented "proofs of name liability under [RPC] 7.5(d)." Rejecting plaintiff's argument, the court granted defendant judgment on that claim as well and entered a final judgment dismissing the complaint with prejudice. This appeal followed.

## II.

We review de novo an order granting a motion for judgment under Rule 4:40-1.  Lechler v. 303 Sunset Ave. Condo. Ass'n, 452 N.J. Super. 574, 582 (App. Div. 2017).  We accept as true all evidence supporting the position of the party opposing the motion and accord that party the benefit of all inferences that can reasonably and legitimately be deduced therefrom.  Smith v. Millville Rescue Squad, 225 N.J. 373, 379-80 (2016) (citing Verdicchio v. Ricca, 179 N.J. 1, 30 (2004)).  If, in doing so, reasonable minds could differ, the motion must be denied.  Ibid.  A motion for judgment of dismissal under Rule 4:40-1 "should only 'be granted where no rational juror could conclude that the plaintiff marshaled sufficient evidence to satisfy each prima facie element of a cause of action.'"  Ibid. (quoting Godfrey v. Princeton Theological Seminary, 196 N.J. 178, 197 (2008)).

Plaintiff contends that the court erred by granting judgment dismissing plaintiff's claims that: (1) RPC 7.5(d) imposed liability on defendant for Boyd & Boyd's malpractice, and (2) defendant was otherwise liable for the firm's malpractice under what it characterizes as the partnership-by-estoppel statute, N.J.S.A. 42:1A-20.  Plaintiff asserts that defendant's last name was included in the firm's name as a marketing tool, and that, after defendant left the firm, she and W. Boyd decided to continue the firm as Boyd & Boyd "for the good will

8

it would generate."   Plaintiff also argues the firm's advertising indicated defendant continued to practice law with the firm after she otherwise retired and her license to practice law lapsed.

"[G]enerally, . . . partners are jointly and severally liable for all obligations of the partnership."   Whitfield v. Bonanno Real Estate Grp., 419 N.J. Super. 547, 555 (App. Div. 2011); see also Falzarano v. Leo, 269 N.J. Super. 315, 320 (App. Div. 1993) ("It is fundamental that every member of a partnership is jointly and severally liable for torts committed by other members of the partnership acting within the scope of the firm business . . . ."); N.J.S.A. 42:1A-18 (providing, subject to certain exceptions, "all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law").   Here, plaintiff conceded at trial it failed to present evidence establishing defendant was actually a partner in Boyd & Boyd when the legal malpractice occurred.

Plaintiff's claim is founded on the premise that defendant is liable under N.J.S.A. 42:1A-20 as W. Boyd's purported partner in the firm during its representation of Barbuto.   However, the statute requires proof of reliance on representations as to the purported partnership relationship.   In pertinent part, the statute provides:

> a. If a person, by words or conduct, purports to be a
> partner, or consents to being represented by another as

a partner, in a partnership or with one or more persons not partners, the purported partner is liable to a person to whom the representation is made, if that person, relying on the representation, enters into a transaction with the actual or purported partnership. If the representation, either by the purported partner or by a person with the purported partner's consent, is made in a public manner, the purported partner is liable to a person who relies upon the purported partnership even if the purported partner is not aware of being held out as a partner to the claimant. If partnership liability results, the purported partner is liable with respect to that liability as if the purported partner were a partner. If no partnership liability results, the purported partner is liable with respect to that liability jointly and severally with any other person consenting to the representation.

b. If a person is thus represented to be a partner in an existing partnership, or with one or more persons not partners, the purported partner is an agent of persons consenting to the representation to bind them to the same extent and in the same manner as if the purported partner were a partner, with respect to persons who enter into transactions in reliance upon the representation. If all of the partners of the existing partnership consent to the representation, a partnership act or obligation results. If fewer than all of the partners of the existing partnership consent to the representation, the person acting and the partners consenting to the representation are jointly and severally liable.

[N.J.S.A. 42:1A-20(a), (b) (emphasis added).]

A-4014-17T4

N.J.S.A. 42:1A-20[8] was enacted as part of the Uniform Partnership Act (UPA) (1996), N.J.S.A. 42:1A-1 to -56, and it replaced N.J.S.A. 42:1-16, which was repealed.[9]   In pertinent part, N.J.S.A. 42:1-16 provided that a person who represented, or consented to a representation, "in a public manner" that he or she is a partner, was liable as a partner "to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership," N.J.S.A. 42:1-16, and created what has been characterized as a partnership by estoppel, Falzarano, 269 N.J. Super. at 321.  To establish liability under the statute, a plaintiff was required to demonstrate reliance on the partnership representation.  See Nat'l Premium Budget Plan Corp. v. Nat'l Fire Ins. Co. of Hartford, 106 N.J. Super. 238, 247 (App. Div. 1969) (finding "that a proper construction of" N.J.S.A. 42:1-16 requires a showing of reliance upon the representation of the partnership to impose liability upon a putative partner); Reisen Lumber & Millwork Co. v. Simonelli, 98 N.J. Super. 335, 340-41 (Law Div. 1967) (finding same).

---

[8]  L. 2000, c. 161, §60, effective Dec. 8, 2000.

[9]  N.J.S.A. 42:1-16 was repealed effective December 8, 2000.  L. 2000, c. 161, § 59, effective Dec. 8, 2000.

The repeal of N.J.S.A. 42:1-6, and adoption of the UPA, did not change the requirement that liability for a partnership by estoppel may only be imposed where the plaintiff demonstrates reasonable reliance on the partnership representation. The plain language of N.J.S.A. 42:1A-20(a) makes a purported partner liable only to an individual who "relies upon the purported partnership" or "upon the representation" of the purported partnership in entering into the transaction with the partnership. See DiProspero v. Penn, 183 N.J. 477, 492 (2005) (explaining we should "ascribe to the statutory words their ordinary meaning"). Moreover, § 308(a) of the UPA, which the Legislature adopted as N.J.S.A. 42:1A-20(a), "continued the basic principles of partnership by estoppel" by requiring a showing the defendant was presented to be a partner and the plaintiff reasonably relied on the representation the defendant was a partner. Unif. P'ship Act Ann. (last Amended 2013) § 308, cmt. (West 2018); see, e.g., Equitas Disability Advocates, LLC v. Bryant, 134 F. Supp. 3d 209, 215-16 (D.D.C. 2015).

We have scoured the record and agree with the trial court's finding that plaintiff failed to present any evidence establishing defendant's liability as a purported partner under N.J.S.A. 42:1A-20. Plaintiff conceded at trial there is no evidence Barbuto relied on a representation defendant was a partner in Boyd & Boyd when Barbuto employed the law firm to provide legal services.

Lacking any evidence Barbuto relied on an alleged representation defendant was a partner, the court correctly entered judgment in defendant's favor on plaintiff's N.J.S.A. 42:1A-20 claim defendant is liable as a purported partner in Boyd & Boyd.

Plaintiff also argues defendant is liable for the malpractice judgment under RPC 7.5(d), which provides:

> Lawyers may state or imply that they practice in a partnership only if the persons designated in the firm name and the principal members of the firm share in the responsibility and liability for the firm's performance of legal services.
>
> [RPC 7.5(d).]

Plaintiff contends the inclusion of defendant's last name in the law firm's name after defendant left the firm and retired requires a finding of liability under RPC 7.5(d).

Plaintiff relies on Falzarano, where we considered a trial court's award of counsel fees under N.J.S.A. 2A:15-59.1 in a legal malpractice case against a law firm partnership and each of its partners. 269 N.J. Super. at 318-22. One of the firm's putative partners sought and obtained an attorney's fee award under N.J.S.A. 2A:15-59.1, after the malpractice case settled. Id. at 317-18. The putative partner argued that the malpractice claim, as asserted against him, was frivolous. Id. at 317. The trial court awarded the fees "without making a

specific finding that plaintiff's action against [the putative partner] was frivolous." Id. at 318.

We reversed the fee award, finding the malpractice claim was not frivolous because the putative partner "held himself out to the public as a partner, and, thus, . . . could have been held liable for any partnership liability" under the then-extant partnership-by-estoppel provision of the "Uniform Partnership Law," N.J.S.A. 42:1-16. Id. at 320-21. In finding the claim was not frivolous, we noted that "apart from the creation of a partnership by estoppel under N.J.S.A. 42:1-16," the putative partner's last name was included in the firm's name, and that under RPC 7.5(d), "he shared in the responsibility and liability for the firm's performance of legal services." Id. at 321.

Plaintiff's reliance on our decision in Falzarano is misplaced. In Falzarano, we considered the putative partner's potential liability under N.J.S.A. 42:1-16 only for the purpose of determining whether the plaintiff's malpractice claim against the putative partner was frivolous. Id. at 318-22. We were not required to decide, and did not consider, whether the putative partner was actually liable as a partner for the malpractice claim under the partnership-by-estoppel statutory standard.

Here, by contrast, we are required to determine whether plaintiff presented sufficient evidence at trial to establish defendant is liable as a

14

purported partner for the law firm's malpractice. As noted, under N.J.S.A. 42:1A-20, defendant is not liable as a purported partner unless plaintiff established Barbuto relied on a representation defendant was a partner while she employed the law firm to provide legal services. Plaintiff concedes it presented no evidence of such reliance.

Plaintiff's reliance on Falzarano is also misplaced because, contrary to the suggestion contained in the decision, it is well-established that the RPCs are not a source of civil causes of action. See Meisels v. Fox Rothschild LLP, __ N.J. __, __ (Jan. 9, 2020) (slip op. at 20) (noting "the RPCs guide attorneys . . . with regard to proper conduct and can be relevant to the standard of care in civil cases against attorneys" but "standing alone, a violation of the RPCs does not create a cause of action for damages"); Green v. Morgan Props., 215 N.J. 431, 458 (2013) ("First, we reject entirely plaintiffs' suggestion that they can maintain a cause of action based on an assertion that the attorney engaged in fee-sharing. As we have . . . held, the assertion that an attorney has violated one of our ethical rules does not give rise to a cause of action . . . ."); Camden Iron & Metal, Inc. v. Klehr, Harrison, Harvey, Branzberg & Ellers, LLP, 384 N.J. Super. 172, 178 (App. Div. 2006) ("[T]he [RPCs] do not provide an independent basis for a cause of action."); Davin, LLC v. Daham, 329 N.J. Super. 54, 74 n.3 (App. Div. 2000) ("While the

15

[RPCs] may provide guidance to the court in determining whether a duty exists, they do not provide an independent cause of action."). Thus, RPC 7.5(d) does not support a cause of action for liability against defendant for the malpractice judgment, and the court correctly entered judgment on the claim in defendant's favor.[10]

Plaintiff also argues defendant is barred under the doctrine of equitable estoppel from disputing that she was a partner in Boyd & Boyd when it provided legal services to Barbuto. We do not address the issue because it was not raised before the trial court and does not go to the court's jurisdiction or present an issue of public concern. Nieder v. Royal Indem. Ins. Co., 62 N.J.

---

[10] "The abiding concern animating the RPCs governing law firm names . . . is to ensure that the public is protected from deceptive or misleading communications by attorneys when advertising who they are . . . ." In re Comm. on Attorney Advert., 213 N.J. 171, 183 (2013). RPC 7.5(c) allows a law firm to include in its name the name of a "person not actively associated with the firm as an attorney . . . who [has] ceased to be associated with the firm through death or retirement." During Boyd & Boyd's representation of Barbuto, defendant's last name could have been properly included in the law firm's name during her retirement. However, "the Supreme Court's explanatory comments to RPC 7.5 indicate that when a firm retains the name of a deceased or retired partner, the 'status' of that attorney must be clearly set forth on the firm's letterhead." Kevin H. Michels, New Jersey Attorney Ethics, §6:2-5(a) at 86 (2020) (citing Rules of Professional Conduct, Rule 7.5 comment, N.J.L.J., July 19, 1984, supp. at 16). In the law firm's letterhead and advertising materials introduced as evidence at trial, defendant's status as a retired partner was not "clearly set forth"; the letterhead and materials did not include defendant's full name or any indication that defendant, as one of the two Boyd's listed in the firm's name, was retired.

229, 234 (1973); see also State v. Robinson, 200 N.J. 1, 19 (2009) ("Appellate review is not limitless. The jurisdiction of appellate courts rightly is bounded by the proofs and objections critically explored on the record before the trial court by the parties themselves.").

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4014-17T4